UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RONALD SATISH EMRIT,<br><br>        Plaintiff,<br><br>   v.<br><br>UNIVERSAL MUSIC GROUP, ISLAND DEF JAM GROUP, SHAKIR STEWART, RICK ROSS,<br><br>        Defendants. | CASE NO. 3:19-CV-05984-BHS<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: November 22, 2019 |

    Plaintiff Ronald Satish Emrit, proceeding *pro se*, initiated this action on October 15, 2019, alleging copyright infringement. *See* Dkt. 1-1. The District Court has referred Plaintiff's pending Application to Proceed *In Forma Pauperis* ("IFP") and Proposed Complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 02-19.

    Having reviewed and screened Plaintiff's Application to Proceed IFP and the Proposed Complaint under 28 U.S.C. § 1915(e)(2), the Court recommends Plaintiff's Application to Proceed IFP be denied and this case be dismissed.

**I.   Background**

Plaintiff alleges Defendants Universal Music Group, Island Def Jam Group, Estate of Shakir Stewart, and Rick Ross have "committed substantial copyright infringement." Dkt. 1-1, p. 1. Plaintiff contends Defendants "used the same 'original works of authorship' that the plaintiff has used in one of his songs copyrighted with the Library of Congress." *Id*.

**II.   Discussion**

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the "privilege of pleading *in forma pauperis* . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). The Court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). When the privilege is abused, permission to proceed IFP may be denied. *See Demos v. U.S. Dist. Court for Eastern Dist. Of Washington*, 925 F.2d 1160, 1160-61 (9th Cir. 1991); *see also In re Sindram*, 498 U.S. 177, 180 (1991) ("In order to prevent frivolous petitions for extraordinary relief from unsettling the fair administration of justice, the Court has a duty to deny *in forma pauperis* to those individuals who have abused the system."); *Johnson v. Irby*, 2009 WL 1973510, at *3 (N.D. Fla. July 8, 2009) ("A court may deny IFP status prospectively when the number, content, frequency, and disposition of a litigant's filings show an abusive pattern.") (internal quotations omitted).

Notwithstanding IFP status, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B);

*see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An in IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Unless it is clear a *pro se* plaintiff cannot cure the deficiencies of a complaint, the Court will provide the *pro se* plaintiff with an opportunity to amend the complaint to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

A. Application to Proceed IFP

Plaintiff has a history of abusing the IFP privilege and Plaintiff has been acknowledged as a vexatious litigator in at least six district courts. *See Emrit v. Simon*, Case No. 0:17-CV-4605-SRN-SER (D. Minn. Nov. 14, 2017) (Dkt. 4, 9); *Emrit v. Providence Housing Authority*, 1:16-CV-00543-WES-LDA (D.R.I. Jan. 4, 2017) (Dkt. 5); *Emrit v. Arizona Supreme Court*, 2016 WL

910151, at *4 (D. Ariz. Mar. 9, 2016); *Emrit v. Social Security Admin.*, Case No. 2:14-CV-01760-GMN-PAL, at *1 (D. Nev. July 29, 2015) (Dkt. 36); *Emrit v. Nat'l Academy of Recording Arts & Sciences*, 2015 WL 518774, at *4 (W.D. Tex. Feb. 5, 2015); *Emrit v. AOL Time Warner, Inc.*, Case no. 1:14-CV-00314-LAP (S.D.N.Y. May 16, 2014) (Dkt. 13); *see also Emrit v. Office Depot, Inc.*, Case No. 8:13-CV-2297-RWT (D. Md. Jan. 3, 2014) (noting Plaintiff's filings may indicate he is vexatious); *Emrit v. Bank of America, Inc.*, Case No. 3:13-CV-547-RJC-DSC (W.D.N.C. Oct. 7, 2013) (same). The Ninth Circuit has also entered a pre-filing review order against Plaintiff. *In re: Ronald Satish Emrit*, No. 15-80221 (9th Cir. April 14, 2016). Further, a search of the Pacer electronic case database for cases filed under the name Ronald Satish Emrit shows Plaintiff has filed approximately 375 cases or appeals in the federal court system. Plaintiff has also filed a nearly identical complaint, naming the same Defendants, in both the Central District of California (Case No. 2:19-CV-08774-PA-JEM) and the Middle District of Florida (Case No. 8:19-CV-02562-VMC-SPF) days before initiating this lawsuit.

The Court finds the Proposed Complaint is frivolous and malicious as it is part of Plaintiff's ongoing and persistent pattern of abusing the IFP privilege by filing vexatious, harassing, and duplicative lawsuits. Therefore, the Court recommends Plaintiff's Application to Proceed IFP be denied.

B.  Dismissal of Case

"Under the [first-to-file] rule, when cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *Cedars–Sinai Med. Ctr. v. Shalala,* 125 F.3d 765, 769 (9th Cir.1997); *see also Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991).

1     Here, Plaintiff initiated this same lawsuit by filing the same complaint, naming the same

2 Defendants, in both the Central District of California and the Middle District of Florida. Plaintiff

3 initiated the Middle District of Florida lawsuit on October 10, 2019 and Central District of

4 California lawsuit on October 11, 2019. Plaintiff did not initiate this lawsuit until October 15,

5 2019. Further, the Middle District of Florida has granted Plaintiff IFP status, directed Plaintiff to

6 complete and return summons forms, and directed the U.S. Marshal to serve Defendants. *See*

7 *Emrit v. Univerisal Music Group, et al.*, Case No. 8:19-CV-2562-VMC-SPF (M.D. Fla.). Thus,

8 the Middle District of Florida case has proceeded past screening the complaint. As Plaintiff has

9 filed duplicative cases and as the above-captioned case is the third-filed case, the Court finds this

10 case should be dismissed.

11     **III.    Conclusion**

12     For the above stated reasons, the Court recommends Plaintiff's Application to Proceed

13 IFP (Dkt. 1) be denied and this case be dismissed as duplicative.

14     Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

15 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

16 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

17 review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

18 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

19 November 22, 2019, as noted in the caption.

20     Dated this 4th day of November, 2019.

David W. Christel
United States Magistrate Judge